IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARCELINO MENDOZA AQUINO, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2007 QH1, et al.,<br><br>Defendants. | CIVIL NO. 19-00393 JAO-RT<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Plaintiffs Marcelino Mendoza Aquino and Jeanette Donia Aquino ("Plaintiffs") bring claims against Defendant Deutsche Bank Trust Company Americas ("Deutsche Bank") and Defendant Cody Minatodani ("Commissioner Minatodani"). Deutsche Bank and Commissioner Minatodani ask the Court to abstain from exercising jurisdiction over this action or, alternatively, to dismiss the Complaint under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6). For the reasons stated below, the motions are GRANTED.

## I.     BACKGROUND

Plaintiffs owned property in Wailuku, Hawaiʻi.  ECF No. 1 ("Compl.") ¶¶ 3-4; ECF No. 1-3, Ex. C.[1]  Deutsche Bank filed suit against Plaintiffs in the Circuit Court of the Second Circuit, State of Hawaiʻi ("state court") seeking to foreclose on Plaintiff's property (the "state court action").  ECF No. 13-3.[2]  In the state court action, Deutsche Bank moved for summary judgment against Plaintiffs and requested an interlocutory decree of foreclosure.  *Id.*  In April 2018, the state court granted Deutsche Bank's summary judgment motion and request for an interlocutory decree of foreclosure, and directed that its ruling be entered as a final judgment under Rule 54(b) of the Hawaiʻi Rules of Civil Procedure.  *Id.*  To enforce its order, the state court appointed Defendant Minatodani as Commissioner of the Court who was authorized and directed to take possession of the property and sell it at a public or private sale.  *Id.*

Plaintiffs first sought relief in state court in February 2019, asking the state court to vacate its summary judgment order pursuant to Rule 60(b) of the Hawaiʻi

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").
[2] The Court may take judicial notice of undisputed matters of public record, including documents on file in state court. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).  The Court may not take judicial notice of disputed facts contained in such public records.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  The Court therefore takes judicial notice of the existence of the state court filings the parties submitted, but will not take judicial notice of any disputed facts contained within those filings.

Rules of Civil Procedure based on newly discovered evidence of fraud, and seeking dismissal of the case. Compl. ¶¶ 4-6; ECF Nos. 1 to 4, Exs. A-D. Plaintiffs also wrote to Commissioner Minatodani in June 2019 asking that she not proceed with an auction of the property scheduled for July 24, 2019. Compl. ¶¶ 4-6; ECF No. 1-4, Ex. D.

A few days before that scheduled auction, on July 22, 2019, Plaintiffs filed this federal action. ECF No. 1. Their Complaint nominally references 42 U.S.C. § 1983, the False Claims Act ("FCA"), and the Fair Debt Collection Practices Act ("FDCPA"). *Id.* They allege Defendants violated their civil rights by depriving them of a right to a jury trial and appeal in the state court action. *Id.* ¶¶ 3, 5. Plaintiffs object to Commissioner Minatodani proceeding with an auction before the state court ruled on their motion to vacate, and further object that she did not respond to their June 2019 letter asking her not to proceed with the auction. *Id.* ¶¶ 4, 6-7, 10. Plaintiffs allege Deutsche Bank does not have proper documentation to prove it holds the original promissory note for Plaintiffs' mortgage. *Id.* ¶ 7. Plaintiffs seek damages, as well as attorney's fees and costs. Compl. at 6. Plaintiffs also ask the Court to "stop the foreclosure action and [Defendants] from selling the Plaintiffs' property." *Id.*

When Plaintiffs filed their Complaint, they also filed an *ex parte* petition for injunctive relief and a temporary restraining order that asked the Court to enjoin

the sale of the property. ECF No. 3. The Court held a hearing on Plaintiffs' request for emergency relief that same day. ECF No. 10. The Court denied Plaintiffs' motion, concluding it lacked jurisdiction because Plaintiffs' request to enjoin the sale of the property amounted to a *de facto* appeal of the state court judgment, which was barred under the *Rooker-Feldman* doctrine.[3] *See Cooper v. Ramos*, 704 F.3d 772, 777-79 (9th Cir. 2012); *Noel v. Hall*, 341 F.3d 1148, 1154, 1163-64 (9th Cir. 2003); *Worldwide Church of God v. McNair*, 805 F.2d 888, 892, 893 n.3 (9th Cir. 1986). The Court noted that Plaintiffs' FRCP Rule 60(b) motion did not affect the finality of the state court's judgment or suspend its operation. The Court further ruled that while Plaintiffs' Complaint could proceed at that time to the extent it sought damages, the Court lacked jurisdiction over any request for injunctive relief in the form of enjoining the sale of the property.

Defendants now move separately to dismiss Plaintiffs' Complaint. Deutsche Bank asks the Court to abstain from exercising jurisdiction under the *Younger* abstention doctrine, also arguing the Complaint fails to state a claim against it. ECF No. 15. Commissioner Minatodani moves separately, raising the same

---

[3] While Plaintiffs referenced the word "fraud" in their Complaint, they failed to identify any evidence or argument they were prevented from presenting in the state court proceedings as a result of Defendants' misconduct—which may have otherwise counseled against application of the *Rooker-Feldman* doctrine. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-43 (9th Cir. 2004).

arguments as Deutsche Bank but also arguing that, as a Commissioner appointed by the state court, she is entitled to quasi-judicial immunity.  ECF No. 13.  Plaintiffs, representing themselves, oppose both motions.  ECF No. 31; ECF No. 32.

## II.   LEGAL STANDARD

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted.  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "factual allegations that are taken

as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### III. DISCUSSION

#### A. *Younger* Abstention

Both Defendants first ask the Court to abstain from exercising jurisdiction over the case and order dismissal under *Younger v. Harris*, 401 U.S. 37 (1971). In civil cases, *Younger* abstention is appropriate where a state court proceeding: (1) is ongoing; (2) is a quasi-criminal enforcement action or involves a state's interest in enforcing the orders and judgments of its courts; (3) implicates important state interests; (4) provides an adequate opportunity to raise federal challenges; and (5) would be enjoined by the federal court action or where the federal proceeding would have the practical effect of doing so. *See Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018). "Each of these requirements must be 'strictly met.'" *Id.* (quoting *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007)).

Because neither Defendant addresses the second element, the Court declines to dismiss the Complaint under *Younger* at this time.[4] *See* ECF No. 13-1 at 6-8;

---

[4] Defendants rely on an outdated recitation of the test for *Younger* abstention as their test fails to account for *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (continued . . .)

ECF No. 15-1 at 5-7. Both Defendants also focus only on why *Younger* abstention is appropriate given Plaintiffs' request for injunctive relief in the form of a stay of the sale of the property. But the Court already dismissed that request for relief under the *Rooker-Feldman* doctrine. ECF No. 10. And neither party addresses why, for example, it would be appropriate to dismiss an FDCPA damages claim on the basis of *Younger* abstention. *See Herrera v. City of Palmdale*, 918 F.3d 1037, 1042 (9th Cir. 2019) ("[O]ur court has . . . recognized that, when a district court abstains from considering a *damages* claim under *Younger*, it must *stay*—rather than dismiss—the damages action until state proceedings conclude." (citation omitted)). The Court therefore DENIES Defendants' motions to dismiss under *Younger* WITHOUT PREJUDICE to their renewal in response to any amended pleading.

B.  **Defendants' Motions under Rule 12(b)(6)**

Plaintiffs' Complaint nominally references three types of federal claims: FDCPA violations, False Claims Act violations, and civil rights violations under § 1983. Plaintiffs' reference to these statutes is insufficient to state a claim because

---

(. . . continued)
(2013). *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (detailing test to be used in light of *Sprint*, which clarified when *Younger* abstention is appropriate in civil proceedings); *see also Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (district court erred by failing to analyze whether case was type of civil case where *Younger* abstention is appropriate post-*Sprint*).

Plaintiffs fail to explain what allegations support each violation (or, for example, which of the myriad provisions of the FDCPA they allege Defendants violated). Because Plaintiffs are representing themselves, the Court will nonetheless address whether Plaintiffs have stated a claim based on the allegations they appear to connect to each statute.

### 1. FDCPA

As to Commissioner Minatodani, Plaintiffs' FDCPA claim appears to be based on her failure to respond to their June 2019 letter asking her not to proceed with the auction until the state court ruled on their motion to vacate. Compl. ¶ 7. Plaintiffs fail to explain how this constitutes a violation of the FDCPA. "[W]hile the FDCPA regulates security interest enforcement activity, it does so *only* through Section 1692f(6).[5] As for the remaining FDCPA provisions, 'debt collection' refers only to the collection of a money debt." *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017). Ignoring Plaintiffs' letter would thus be

---

[5] Section 1692f(6) prohibits:

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6).

insufficient to state a claim.  *Cf. Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA.").  More fundamentally, Plaintiffs have failed to allege Commissioner Minatodani is a "debt collector" within the meaning of the FDCPA.  *See* 15 U.S.C. § 1692a(6)(C), (6)(D).

To the extent Plaintiffs' claim is premised on Commissioner Minatodani proceeding with the auction pursuant to the state court's order and judgment, any such claim would also be barred by the doctrine of quasi-judicial immunity.  Commissioner Minatodani, as a court-appointed foreclosure commissioner, acted as an arm of the court and served a function essential to the judicial process and so is entitled to immunity.  *See, e.g.*, *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302-04 (9th Cir. 1989) (concluding state court-appointed receivers are entitled to immunity); *Sakuma v. Ass'n of Apartment Owners of the Tropics at Waikele*, CIVIL NO. 16-00274 DKW-KJM, 2016 WL 6433842, at *9 n.5 (D. Haw. Oct. 28, 2016) (stating court-appointed foreclosure commissioners are entitled to quasi-judicial immunity).[6]

---

[6] Plaintiffs have not alleged Commissioner Minatodani's actions went beyond the scope of the state court's jurisdiction.  Nor have Plaintiffs argued their motion to vacate affected the finality or force of the state court's order and judgment.  Plaintiffs also fail to allege Commissioner Minatodani's degree and manner of
(continued . . .)

Plaintiffs have also failed to state a claim under the FDCPA against Deutsche Bank. Plaintiffs' claim in this respect appears to be based on Deutsche Bank's *attorneys* failing to respond to a letter. Compl. ¶ 7. These cursory statements do not provide enough facts to put Deutsche Bank on notice of the basis of any FDCPA claim. And to the extent Plaintiffs merely object that Deutsche Bank sought and obtained relief in the state court action, they fail to explain how this conduct is actionable under the FDCPA. *See, e.g.*, 15 U.S.C. § 1692f(6).

Defendants' motions are therefore GRANTED with respect to any claim brought under the FDCPA.

### 2. False Claims Act

"A claim under the False Claims Act requires a showing of (1) a false statement or fraudulent course of conduct, (2) made with the scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 899 (9th Cir. 2017) (internal quotation marks and citation omitted). Plaintiffs' basis for this claim (which appears to be brought against Deutsche Bank only) is unclear,

---

(. . . continued)
communicating with Plaintiffs fall outside the normal functions of a court-appointed foreclosure commissioner. *See New Alaska Dev. Corp.*, 869 F.2d at 1304. At most they allege Commissioner Minatodani acted in "bad faith" or unprofessionally. Compl. ¶¶ 6, 10. But even "[m]alice or corrupt motive in the performance of judicial tasks is insufficient to deprive" Commissioner Minatodani of immunity. *New Alaska Dev. Corp.*, 869 F.2d at 1304 (citations omitted).

although it may derive from Plaintiffs' allegation that Deutsche Bank cannot prove it holds the original promissory note. *See* Compl. ¶¶ 1, 7. Even construing Plaintiffs' allegations liberally, there is no allegation the federal government has been forced to pay or forfeit money due. Plaintiffs' vague reference to "fraud" is also insufficient to allege fraudulent conduct and scienter with the level of particularity necessary to state a claim under the False Claims Act. *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011) ("The heightened pleading standard of Rule 9(b) governs FCA claims." (citation omitted)). Defendants' motions are therefore GRANTED as to any claim brought under the False Claims Act.

### 3. Section 1983

Plaintiffs' claim under § 1983 appears to be premised on their inability to obtain a jury trial and appeal in the state court action because the state court granted Deutsche Bank's motion for summary judgment. Compl. ¶¶ 5, 9. Section 1983 "only provides a remedy against persons acting under color of state law." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008).

To the extent Plaintiffs' § 1983 claim against Commissioner Minatodani is based on her acting pursuant to her authority under the state court's order, any such claim would be barred under the doctrine of quasi-judicial immunity as explained above. While Plaintiffs make vague references to "fraud," it is unclear whether

11

this allegation refers to Commissioner Minatodani.  *See* Compl., Ex. D.  Even assuming it does, such a conclusory reference to fraud is insufficient to defeat Commissioner Minatodani's claim of immunity.  *See New Alaska Dev. Corp.*, 869 F.2d at 1304.  With regard to Deutsche Bank, Plaintiffs fail to allege or explain how Deutsche Bank was acting under color of state law.  *See Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) ("Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." (citation omitted)).

While the Court must apply a liberal standard to a motion to dismiss (especially when a plaintiff is self-represented), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Because "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss," *id.* (citations omitted), the Court agrees that Plaintiffs have failed to state a claim under § 1983.[7]

---

[7] Additionally, to the extent Plaintiffs seek to use § 1983 or any statute to ask the Court to review only the sufficiency of the evidence relied upon by the state court or the correctness of the state court's order and judgment—which resulted in Plaintiffs being denied a jury trial in state court—the Court doubts it could exercise jurisdiction over any such claim.

Defendants' motion as to any claim under § 1983 is therefore GRANTED.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss for failure to state a claim under Rule 12(b)(6). Because amending the Complaint is not necessarily futile, the Court grants Plaintiffs LEAVE TO AMEND their claims. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Plaintiffs may file an amended complaint no later than December 6, 2019.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, November 6, 2019.

Jill A. Otake
United States District Judge

Civil No. 19-00393 JAO-RT, *Aquino, et al. v. Deutsche Bank Trust Company Americas As Trustees For Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates, Series 2007 QH1, et al.*, ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

13